JOHN STEWART, defendant below, plaintiff in error, *vs.* STATE OF DELAWARE, plaintiff below, defendant in error.

### *Justice of the Peace—Record.*

The record of a Justice of the Peace, of a conviction on a charge of disorderly conduct, must show that the defendant submitted in writing to the decision of the Justice. Such submission is necessary, and the fact must appear in his record, in order to confer jurisdiction upon the Justice.

(*October 2, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Walter H. Hayes* for defendant below.

*William Michael Byrne* for the State.

Superior Court, New Castle County, September Term, 1897.

CERTIORARI to John A. Kelley, a Justice of the Peace in and for New Castle County  The Justice sent up the following record:

" Personally appeared before me, one of the Justices of the Peace in and for New Castle County, September 1st, A. D. 1897, Marshal C. Pierce of Christiana Hundred, who made oath in due form of law that a certain John Stewart of and at same Hundred on the 1st day of September, A. D. 1897, was guilty of disorderly conduct, and making threats against the said complainant, while discharging his duty as a Tax Collector of School District No. 24, Christiana Hundred, and calling him a son-of-a-bitch.  Warrant issued to Charles Green, Constable, September 1st, A. D. 1897; Constable returns, *Cepi Corpus*, September 15th A. D. 1897; after hearing the proofs and allegations, I adjudge the defendant guilty, and impose a fine of Five Dollars and costs, and in default of payment of the same, I commit him to prison.

"JOHN A. KELLY, J. P."

On September 21, 1897, Mr. Hayes filed the following cause of diminution of the record, sent up by the Justice, to wit:

" That the Justice of the Peace by and before whom the the above stated cause was tried below has not sent up as part of the record in this cause said John Stewart's submission in writing to the decision made by said Justice of the Peace in this cause below, nor a copy of such written submission;" and prayed the Court that the Justice be required by the Court to certify to the Superior · Court under his hand and seal a copy of said John Stewart's submission, in writing, to the decision of the said Justice.

The answer of the Justice (September 25, 1897), alleged, among other things, the following:

" 1.   The transcript and papers heretofore filed by him the said John A. Kelley in the above stated case are true, complete and correct copies of the entire docket entries in the said case of the State of Delaware against John Stewart remaining of file in this office without diminution or curtailment thereof in any manner whatsoever.

" 2.   The said John A. Kelley did not receive and did not make a docket entry of any submission in writing to his decision by the said John Stewart in the case aforesaid."

Whereupon *Mr. Hayes* asked that judgment below be reversed upon the following exceptions filed:

" 1.   That it does not appear in, by and from said record that the said John Stewart did, in writing, submit to the decision of the said John A. Kelley, Justice as aforesaid, made in this cause below." (A second exception alleging the same facts in the affirmative was also filed.)

LORE, C. J:—Let the judgment below be reversed.

The record does not show that the defendant submitted in writing, which was necessary, to confer jurisdiction on the Justice